# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                        No. CR 18-3902 JB

FRANCIS WOODY,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Motion to Sever Count 1 From Count 2 and Supporting Authorities, filed May 20, 2019 (Doc. 54)("Motion").  The Court held a hearing on July 26, 2019.  See Clerk's Minutes at 1, filed July 26, 2019 (Doc. 104).  The primary issue is whether to try Defendant Francis Woody's abuse of Jane Doe 1 separately from his abuse of Jane Doe 2, when the abuse of Jane Doe 1 and Jane Doe 2 occurred over fifteen years apart.  The Court concludes that it will deny the Motion and try the two Counts together, because, even if the two Counts were tried separately, the United States would present the same or highly similar evidence of abuse in each Count under rules 413 and 414 of the Federal Rules of Evidence.

## FACTUAL BACKGROUND

On November 28, 2019, a federal grand jury returned an indictment against Woody, charging him with one count of aggravated sexual abuse in violation of 18 U.S.C. §§ 1153, 2241(c), and 2246(2)(C), and one count of abusive sexual contact in violation of §§ 1153, 2244(a)(5), and 2246(3).  See Redacted Indictment at 1-2, filed November 28, 2018 (Doc. 2).  Count 1 charges Woody for aggravated sexual abuse against Jane Doe 1, occurring on or between May 1, 2016, and November 1, 2016.  Count 2 charges Woody with abusive sexual contact with

Jane Doe 2 on or between May 1, 1999, and November 30, 2002.  If convicted of aggravated sexual abuse, Woody faces between thirty years and life in prison.  See 18 U.S.C. § 2241(c).

## PROCEDURAL BACKGROUND

Woody was arrested on December 6, 2018.  See Arrest Warrant Returned Executed, filed December 7, 2018 (Doc. 9).  Woody pled not guilty at his arraignment.  See Clerk's Minutes at 1, filed December 11, 2018 (Doc. 13).  The Court scheduled a jury trial on Woody's charges from August 22, 2019, to August 26, 2019.  See Notice of Hearing as to Francis Woody, filed August 12, 2019 (Doc. 110)(text-only entry).

### 1.   The Motion.

Woody argues that the Court should sever Count 1 from Count 2 for trial.  See Motion at 1.  He notes that at least fifteen years and five months separates the two Counts, see Motion ¶ 3, at 2, that the victims are different, see Motion ¶ 7, at 3, and that Count 2 was not contemporaneously reported, and "thus involves sketchier allegations than in Count 1," Motion ¶ 8, at 3.  Woody accordingly argues that the different Counts involve incidents that are "not of 'same or similar character'" and are therefore improperly joined under rule 8(a) of the Federal Rules of Criminal procedure.  Motion ¶ 9, at 3 (quoting Fed. R. Crim. P. 8(a)).

Woody also argues that prejudice to himself outweighs judicial economy's benefits.  See Motion ¶ 10, at 4.  He contends that there is no overlapping evidence and "no common scheme or plan."  Motion ¶ 12, at 4.  See id. ¶ 11, at 4 (citing United States v. Woody, 55 F.3 1257, 1267 (7th Cir. 1995)).  He argues that "'[m]ere factual similarity between the events is not a sufficient basis for joinder, nor is the mere showing that the events occurred at about the same time or that the acts violated the same statute.'"  Motion ¶ 12, at 4-5 (quoting United States v. Vasquez-Velasco, 15

F.3d 833, 843-44 (9th Cir. 1994)).  At the same time, Woody argues that he faces a serious risk of prejudice:

> Mr. Woody's testimony may well be more necessary to defend against Count 1 as compared to the sketchier allegations in Count 2.  This will confound him in presenting separate defenses to the Counts and prejudice his constitutional rights to testify and not testify.  Proof that Mr. Woody is guilty of the Count 1 also likely would be used to convict him of the many years earlier, not contemporaneously reported allegations in Count 2.

Motion ¶ 15, at 5.  Woody argues that, because of the case's evidence, joining the two Counts would lead to an unfair trial and a lack of due process, violating his rights under the Fifth and Sixth Amendments to the Constitution of the United States of America.  See Motion ¶ 16, at 7 (citing United States v. Docker, 955 F.2d 50 (D.C. Cir. 1992)).  He also asserts that trying the Counts together "will strongly prejudice and confuse the jury regarding the far more serious aggravated sexual abuse charge" and render the trial unfair under the Sixth Amendment.  Motion ¶ 17, at 7.

### 2.    The Response.

The United States opposes Woody's requests in the Motion.  See United States' Response to Defendant's Motion to Sever Counts, filed June 3, 2019 (Doc. 73)("Response").  It argues that rule 8 permits liberal joinder, see Response at 2-3 (citing United States v. Price, 265, F.3d 1097, 1105 (10th Cir. 2001)), and that defendants seeking to prove prejudice from joinder carry a "heavy burden of showing real prejudice," Response at 3 (citing United States v. Clark, 717 F.3d 790, 818 (10th Cir. 2013)).  Prejudice, the United States asserts, does not automatically require the Court to sever where limiting instructions can cure the harm.  See Response at 3-4 (citing United States v. Hill, 786 F.3d 1254, 1273 (10th Cir. 2015); United States v. Tucker, 502 F. App'x 720, 725 (10th Cir. 2012)(unpublished)).  The United States contends that joinder should occur only where an individual's right to a fair trial is threatened, not merely where a defendant stands a better chance

for acquittal on separate charges.  See Response at 4 (citing United States v. Sturmoski, 971 F.2d 452, 460 (10th Cir. 1992)).

Regarding this case, the United States argues that the evidence of the two Counts overlaps and that the evidence for each Count would likely be admissible in either trial if the Court severed the Counts.  See Response at 5.  The United States also argues that the two Counts are highly related.  See Response at 5.  It notes that both victims were minors and were abused on more than one occasion at Woody's residence while he was in a relationship with their mothers.  See Response at 5.  It also notes that the time between offenses is only one factor that courts consider in evaluating counts' similarities.  See Response at 5-6 (citing United States v. Rodgers, 732 F.2d 625, 629 (8th Cir. 1986)).

Next, the United States relies on United States v. Muniz, 1 F.3d 1018, 1023 (10th Cir. 1993), to support its argument that the risk that the jury will use improperly separate evidence against him is not substantial.  See Response at 6.  It notes that it will present separate evidence for each charged instance, evidence that the abuse occurred on separate dates to different victims, and evidence that the case is not complicated.  See Response at 6.  It also states that the Tenth Circuit has rejected arguments that severance is necessary where the government has stronger evidence on one count than others.  See Response at 6-7 (citing United States v. Olsen, 519 F.3d 1096 (10th Cir. 2008)).

The United States then argues that Woody's past criminal conduct "is admissible *res gestae*." Response at 7.  It argues that Woody's past conduct in Count 1 shows motive, knowledge, intent, common scheme, and absence of mistake for Count 2, and it anticipates that it will offer all of this evidence together at trial.  See Response at 7-8.  The United States argues that limiting instructions can cure any resulting unfair prejudice.  See Response at 8 (citing Tenth Circuit

Criminal Pattern Jury Instructions 1.21, 1.04).  It argues that these instructions are sufficient to prevent the jury from using evidence from one Count to convict on another.  See Response at 8-9.

The United States then asserts that Woody's argument that he may wish to testify on one count but not on another does not meet his burden of establishing unfair prejudice.  See Response at 9.  It states that, under Tenth Circuit precedent:

> "No need for a severance exists until the defendant makes a convincing showing that he has both important testimony to give concerning one count and strong need to refrain from testifying on the other.  In making such a showing, it is essential that the defendant present enough information -- regarding the nature of the testimony that he wishes to give on one count and his reasons for not wishing to testify on the other -- to satisfy the court that the claim of prejudice is genuine and to enable it to intelligently weigh the considerations of 'economy and expedition in judicial administration' against the defendant's interest in having a free choice with respect to testifying."

Response at 9-10 (quoting United States v. Martin, 18 F.3d 1515, 1518-19 (10th Cir. 1994)).  The United States asserts that Woody has not argued, let alone convincingly asserted, why he has important testimony for one count and a strong need to not testify for the other count.  See Response at 10-11.

Finally, the United States argues that judicial economy weighs in joinder's favor.  See Motion at 11.  It asserts that the evidence in both trials "would almost be identical with the exact same witnesses."  Motion at 11.  Accordingly, the United States contends that Count 1 and Count 2 are more appropriately tried together.  See Motion at 11-12.

**3.      The Hearing.**

The Court held a hearing on the Motion on July 26, 2019.  See Transcript of Motion Hearing, filed August 12, 2019 (Doc. 108)("Tr.").  Woody stated that he did not have more to add than is in the Motion.  See Tr. at 42:25-43:2 (Hotchkiss).  The Court then asked Woody what he would achieve with two separate trials, given that the Court previously had ruled that Woody's

past sexual conduct was admissible under rules 413 and 414.  <u>See</u> Tr . at 43:4-24 (Court).  Woody stated that the United States has "a dump truck load" of rule 413 and 414 evidence and using it all "raises the possibility of a defendant being convicted based on uncharged conduct."  Tr. at 44:14-18 (Hotchkiss).  Woody argued that, given the mandatory minimum for Count 1, he faces a high risk of unfair prejudice.  <u>See</u> Tr. at 45:14-19 (Hotchkiss).

The United States told the Court that it should not grant the Motion.  <u>See</u> Tr. at 46:1-11 (Cowen).  It noted that <u>United States v. Olsen</u> suggests that having stronger evidence on one Count versus another is not a sufficient reason to severe a case.  <u>See</u> Tr. at 46:3-11 (Cowen).  It also said that there was no "dump truck problem," because all the past conduct evidence comes from the two victims, and the United States would not be bringing in other uncharged victims to testify against Woody.  <u>See</u> Tr. at 46:12-22 (Cowen).  The United States noted the limiting instructions that the Court can use to limit prejudice in this case, <u>see</u> Tr. at 46:23-47:14 (Cowen), and argued that the Court can devise adequate safeguards to keep the case to one trial, <u>see</u> Tr. at 47:15-23 (Cowen).  It added that, after the superseding indictment, some of Jane Doe 2's testimony is now charged conduct, so "it's now even more directly relevant and minimizes the need to sever."  Tr. at 48:2-4 (Cowen).

The Court gave its ruling after the United States presented its arguments.  <u>See</u> Tr. at 48:9 (Court).  The Court stated that, although Woody's past conduct evidence is prejudicial, it is not unfairly prejudicial.  <u>See</u> Tr. at 48:9-14 (Woody).  It stated that trying the Counts together mitigates some of the prejudice, <u>see</u> Tr. at 48:14-23 (Court), and that trying the Counts together "actually forces the parties, the Court, and the jury to really focus on what the charges are here," Tr. at 49:9-11 (Court).  The Court then orally denied the Motion.  <u>See</u> Tr. at 49:12-14 (Court).

## LAW REGARDING RULE 8 JOINDER

Rule 8 of the Federal Rules of Criminal Procedure is the vehicle for joinder of both of offenses and of defendants in a criminal proceeding.  Rule 8 provides:

> (a) Joinder of Offenses.  The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged --whether felonies or misdemeanors or both -- are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.
>
> (b) Joinder of Defendants.  The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses.  The defendants may be charged in one or more counts together or separately.  All defendants need not be charged in each count.

Fed. R. Crim. P. 8.  In the Tenth Circuit, rule 8(b) governs the propriety of joinder of multiple defendants and their alleged offenses into one indictment.  See United States v. Eagleton, 417 F.2d 11, 14 (10th Cir. 1969)("Rule 8(a) . . . does not apply in cases where more than one defendant is joined in the same indictment.  Such joinder [of offenses] is governed by Rule 8(b).").  See also United States v. Mann, 701 F.3d 274, 289 (8th Cir. 2012)("Where an indictment joins defendants as well as offenses, the propriety of the joinder of offenses is governed by Rule 8(b), rather than Rule 8(a)."); United States v. Walker, 657 F.3d 160, 169 (3d Cir. 2011)("Rule 8(a) applies only to prosecutions involving a single defendant, and[,] in a multi-defendant case such as this, the tests for joinder of counts and defendants is merged in Rule 8(b).").  "Joint trials of defendants who are indicted together are preferred because 'they promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'"  United States v. Hall, 473 F.3d 1295, 1301-02 (10th Cir. 2007)(quoting Zafiro v. United States, 506 U.S. 534, 537 (1993)).

Under rule 8(b), then, multiple defendants may be tried jointly "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting

an offense or offenses."  Fed. R. Crim. P. 8(b).  Rule 8(b), along with its phrase "same series of

acts or transactions," Fed. R. Crim. P. 8(b), "is construed broadly to allow liberal joinder to

enhance the efficiency of the judicial system," United States v. Hopkinson, 631 F.2d 665, 668

(10th Cir. 1980).  In light of rule 8(b)'s broad construction, courts conclude that a conspiracy count

-- albeit not necessary -- is sufficient to warrant joinder of all defendants charged in that

conspiracy, regardless whether each defendant is charged in each count or with each substantive

act.

> Although the Indictment in this case charged six different robberies alleged to have
> been committed by different defendants over a more than two-year period, it also
> alleged that the defendants conspired and agreed with each other to commit all six
> of the robberies.  Given the broad construction we afford Rule 8 and our preference
> for liberal joinder, this was sufficient to permit joinder.

 United States v. Hill, 786 F.3d at 1272.

## LAW REGARDING RULE 14(a) SEVERANCE

Pursuant to rule 14(a) of the Federal Rules of Criminal Procedure, a court may "order

separate trials of counts, sever the defendants' trials, or provide any other relief that justice

requires" if joinder "appears to prejudice a defendant."  Fed. R. Crim. P. 14(a).  Rule 14(a)

envisions situations where a joint trial would be inappropriate and harmful to the accused's

constitutional rights even though joinder is proper under rule 8, which is liberally and broadly

applied in the interest of efficiency.  See Zafiro v. United States, 506 U.S. at 538 (using rule 14 as

the standard for a severance); United States v. Cox, 934 F.2d 1114, 1119 (10th Cir. 1991)(applying

rule 14 to set the standard for severance).  The decision to sever is "within the sound discretion of

the trial court."  United States v. Cox, 934 F.2d at 1119 (citing United States v. Valentine, 706

F.2d 282, 289-90 (10th Cir. 1983)).  See United States v. Gant, 487 F.2d 30, 34 (10th Cir.

1973)(noting that severance "is peculiarly within the discretion of the trial court")(citations

omitted).

"Inasmuch as severance is a matter of discretion and not of right, the defendant must bear a heavy burden of showing real prejudice to his case." United States v. Hall, 473 F.3d at 1302 (quoting United States v. McConnell, 749 F.2d 1441, 1444 (10th Cir. 1984)). "Joint trials of defendants who are indicted together are preferred, because 'they promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" United States v. Hall, 473 F.3d at 1301-02 (quoting Zafiro v. United States, 506 U.S. at 537). Additionally, "a criminal defendant has no constitutional right to severance unless there is a strong showing of prejudice caused by a joint trial." Cummings v. Evans, 161 F.3d 610, 619 (10th Cir. 1998)(citing United States v. Youngpeter, 986 F.2d 349, 353 (10th Cir. 1993)). The prejudice standard envisioned by rule 14 thus requires a showing of actual prejudice, and not merely a showing that a defendant "may have a better chance of acquittal in separate trials." United States v. Pursley, 474 F.3d 757, 766 (10th Cir. 2007). To establish prejudice, a defendant must identify a "'specific trial right' that was compromised or show the jury was 'prevented . . . from making a reliable judgment about guilt or innocence.'" United States v. Pursley, 474 F.3d at 766 (quoting Zafiro v. United States, 506 U.S. at 539). Significantly, "[r]ule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." Zafiro v. United States, 506 U.S. at 538-39.

In interpreting rule 14, United States Courts of Appeals have explored the risk of "mutually antagonistic" or "irreconcilable" defenses may supply the prejudice needed in some circumstances as to warrant severance. Zafiro v. United States, 506 U.S. at 538 (citing, e.g., United States v. Benton, 852 F.2d 1456, 1469 (6th Cir. 1988); United States v. Smith, 788 F.2d 663, 668 (10th Cir. 1986); United States v. Magdaniel-Mora, 746 F.2d 715, 718 (11th Cir. 1984); United States v.

Berkowitz, 662 F.2d 1127, 1133-1134 (5th Cir. 1981); United States v. Haldeman, 559 F.2d 31,

71-72 (D.C. Cir. 1976)).  The Tenth Circuit, in United States v. Pursley, provided that, in such a

scenario, where a defendant seeks severance because of mutually antagonistic defenses as

compared to co-defendants,

> a trial court engages in a three step inquiry.  First, it must determine whether the
> defenses presented are "so antagonistic that they are mutually exclusive."  United
> States v. Peveto, 881 F.2d 844, 857 (10th Cir. 1989).  Second, because "[m]utually
> antagonistic defenses are not prejudicial per se," a defendant must further show "a
> serious risk that a joint trial would compromise a specific trial right . . . or prevent
> the jury from making a reliable judgment about guilt or innocence."  Zafiro v.
> United States, 506 U.S. [at] 539[].  Third, if the first two factors are met, the trial
> court exercises its discretion and "weigh[s] the prejudice to a particular defendant
> caused by joinder against the obviously important considerations of economy and
> expedition in judicial administration."  Peveto, 881 F.2d at 857.

United States v. Pursley, 474 F.3d at 765.  In a court's consideration of such a scenario, "defenses

are mutually antagonistic if 'the conflict between codefendants' defenses [is] such that the jury, in

order to believe the core of one defense, must necessarily disbelieve the core of the other.'"  United

States v. Pursley, 474 F.3d at 765 (quoting United States v. Linn, 31 F.3d 987, 992 (10th Cir.

1994)).  The Defendants must show that "'the acceptance of one party's defense would tend to

preclude the acquittal of the other, or that the guilt of one defendant tends to establish the innocence

of the other.'"  United States v. Pursley, 474 F.3d at 765-66 (quoting United States v. Peveto, 881

F.2d at 857 (holding mutually exclusive defenses where one defendant said he was preparing to

be an informant and invited the other defendant, a purported drug dealer, to his house to gather

information, while the other defendant said he was innocently at the house and the first defendant

held the second defendant against his will)).

Ultimately, a trial court that denies a request for severance will be reversed only where a

defendant demonstrates an abuse of discretion.  See United States v. Pursley, 474 F.3d at 765.  In

exercising its discretion, however, the court should "weigh the prejudice resulting from a joint trial

of co-defendants against the expense and inconvenience of separate trials."  United States v. Bailey, 952 F.2d 363, 365 (10th Cir. 1991)(quoting United States v. Cardall, 885 F.2d 665, 667-68 (10th Cir. 1989)).  "Neither a mere allegation that defendant would have a better chance of acquittal in a separate trial, nor a complaint of the 'spillover effect' from the evidence that was overwhelming or more damaging against the co-defendant than that against the moving party is sufficient to warrant severance."  United States v. Bailey, 952 F.2d at 365 (citation omitted).  A defendant seeking severance bears the "heavy burden" of demonstrating a risk of prejudice from continued joinder.  United States v. Bailey, 952 F.2d at 365 n.4 (citing United States v. Jones, 707 F.2d 1169, 1171 (10th Cir. 1983); United States v. Petersen, 611 F.2d 1313, 1331 (10th Cir. 1979)). The Supreme Court has stated:

> Such a risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant.  For example, evidence of a codefendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty.  When many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened.  Evidence that is probative of a defendant's guilt but technically admissible only against a codefendant also might present a risk of prejudice.  Conversely, a defendant might suffer prejudice if essential exculpatory evidence that would be available to a defendant tried alone were unavailable in a joint trial.  The risk of prejudice will vary with the facts in each case, and district courts may find prejudice in situations not discussed here.  When the risk of prejudice is high, a district court is more likely to determine that separate trials are necessary, but, as we indicated in Richardson v. Marsh, [481 U.S. 200 (1987)] less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice.

Zafiro v. United States, 506 U.S. at 539 (emphasis added)(citations omitted).

With respect to a district court's application of rule 14 in practice, particularly in the context of multi-count and multi-defendant RICO, VICAR, or conspiracy indictments, one district court has explained:

> Most often, severance of defendants will be required to protect the rights of defendants against undue prejudice resulting from joinder.  In other situations,

> severance may be required, or at least the argument for severance will be bolstered, by the physical limitations of the courthouse and the logistical difficulties of attempting to conduct a complex multi-defendant trial.

United States v. Gray, 173 F. Supp. 2d 1, 7-8 (D.D.C. 2001)(Lamberth, J.). Another district court addressed the possibility of prejudicial joinder of the defendants

> deriving from the number of defendants and the number of counts, the complexity of the indictment, estimated length of the trial, disparities in the amount or type of proof offered against the defendants, disparities in the degrees of involvement by defendants in the overall scheme, possible conflict between various defense theories or trial strategies; and, especially, prejudice from evidence admitted only against co-defendants but which is inadmissible or excluded as to a particular defendant.

United States v. Gallo, 668 F. Supp. 736, 749 (E.D.N.Y. 1987)(Weinstein, C.J.). The United States v. Gray court explained that, in United States v. Gallo:

> After weighing the potential prejudice against defendants, the court decided that the dispositive factor counseling severance was judicial efficiency. [United States v. Gallo, 668 F. Supp.] at 753 ("[T]he prejudices to the defendants are not clearly dispositive . . . , we might be reluctant to grant such severances on Rule 14 alone. . . . [W]e question the traditional assumption that denial of severance . . . promotes efficiency.").

United States v. Gray, 173 F. Supp. 2d at 8-9 (alterations in original). Indeed, the United States v. Gray court stated that "[m]any of the factors that counseled against complete joinder of defendants [in United States v. Gallo] are also persuasive in the instant case," and so it concluded

> that despite the general presumption favoring joinder, some form of severance is necessary because of the physical limitations of the courtroom and hardship on the jurors, the defendants, and the Court. Severance, however, should be of the most limited form necessary to satisfy those interests, because the Court finds that joinder of defendants, to the extent possible, will preserve judicial resources and permit the jury to have as complete a view of the evidence as possible.

United States v. Gray, 173 F. Supp. at 10. Accordingly, the United States v. Gray court severed a "158-count [Indictment]" charging "seventeen defendants" into two trial groupings based on logistical concerns alone. United States v. Gray, 173 F. Supp. at 1, 10. The United States v. Gray court also considered that

> [s]everal defendants have moved for complete severance or other joint trial
> configurations based on Rule 14 concerns of prejudice against defendants.  In order
> to prevail upon a claim for severance, [those] defendant[s] must show that joinder
> would violate that defendant's constitutional fair trial rights, or would "prevent the
> jury from making a reliable judgment about guilt or innocence."

United States v. Gray, 173 F. Supp. at 10 (quoting Zafiro v. United States, 506 U.S. at 539). Although

the United States v. Gray court had already severed the indictment in that case into two trial

groupings to alleviate the risk of prejudice to the defendants by logistical inefficiency and

impracticality, the court was still open to further requests for severance of individual defendants

upon a specific showing that joinder in either of the trial groupings still ran afoul of Zafiro v.

United States and rule 14.  See United States v. Gray, 173 F. Supp. at 10.  The rule 14 inquiry

regarding the propriety of joinder is ongoing, and as the United States v. Gray court concluded in

severing that case's indictment into two trial groupings, its chosen "arrangement of the defendants

appears to be, at least on the information now available, the most efficacious in preserving judicial

resources, preventing duplicitous testimony and evidence, and reaching an expeditious resolution

for all defendants."  United States v. Gray, 173 F. Supp. at 18.

## ANALYSIS

Woody argues that the alleged conduct charged in Count 1 and Count 2 are not sufficiently

similar, are too far apart in time, and are too unfairly prejudicial for the Court to try them together.

See Motion ¶¶ 8-10, at 3-4.  The Court previously has ruled that, if evidence of one count would

be admissible in the trial of another count, the Court will not sever the two counts for trial, because

trying the two counts together is not unfairly prejudicial and preserves judicial resources.  See

United States v. DeLeon, 323 F.R.D. 672, 690-94 (D.N.M. 2017)(Browning, J.)(concluding that,

because evidence for Count 8 through 12 would be admissible in a defendant's trial for Counts 6

and 7, severance of the counts was not warranted); United States v. Neha, No. CR 04-1677 JB,

2005 WL 3663695, at *4 (D.N.M. Sept. 13, 2005)(Browning, J.)("[T]he Court should not grant Neha's motion to sever his trial from that of Lamy's until it knows whether the evidence would be admissible in a separate trial.").  Here too, this rule guides the Court's analysis.  Because evidence of Count 1 and Count 2 would be admissible in the trial of the other, the Court will try the counts together.

Relevant evidence is admissible unless the Constitution, a federal statute, the Federal Rules of Evidence, or a rule prescribed by the Supreme Court provides otherwise.  See Fed. R. Evid. 402.  "Irrelevant evidence is not admissible."  Fed. R. Evid. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence," and "the fact is of consequence in determining the action."  Fed. R. Evid. 401.  A fact of consequence "may be ultimate, intermediate, or evidentiary; it matters not, so long as it is of consequence in the determination of the action."  Fed. R. Evid. 401 advisory committee note.

Count 1 charges Woody for aggravated sexual abuse against Jane Doe 1, occurring on or between May 1, 2016, and November 1, 2016.  See Indictment at 1.  Count 2 charges Woody with abusive sexual contact with Jane Doe 2 on or between May 1, 1999, and November 30, 2002.  See Indictment at 1-2.  The Court has previously addressed the admissibility of Woody's previous sexual abuse under rules 413 and 414, and concluded that his prior acts were admissible.  See United States v. Woody, No. CR 18-3902 JB, 2020 WL _____, at *_ (D.N.M. June _, 2020). The analysis for the separate Counts does not change much.  The evidence that the United States seeks to admit is relevant in that it "certainly indicates that defendant has a propensity to sexually abuse young girls."  United States v. McHorse, 179 F.3d at 898. The evidence is also relevant in that it: (i) demonstrates that Woody abused Jane Doe 1 and Jane Doe 2 in similar ways, see United States v. McHorse, 179 F.3d at 898 ("The Rule 414(a) testimony . . . certainly indicates that

Defendant has a propensity to sexually abuse young girls."), and (ii) corroborates Jane Doe 1 and Jane Doe 2's accusations, see, e.g., Fed. R. Evid. 413 advisory committee notes; United States v. Charley, 189 F.3d at 1260 (holding that a district court's reliance on the reasoning in rule 413 advisory committee notes was "sufficient to explain the district court's reasoning in admitting the statement"). Although Woody argues that these events are too dissimilar for joint trial, see Motion ¶ 9, at 3-4, there is substantial overlap in each Count's factual circumstances. Woody abused both while he was in a relationship with their mothers, and each instance of abuse occurred at his residence.

Second, the evidence of the other sexual abuse is admissible under the liberal rule 403 balancing test for other acts of sexual abuse and child molestation. That Woody disputes that he sexually abused Jane Doe 1 and Jane Doe 2 does not mean that the Court must or should exclude the evidence under rules 403, 413, and 414. The United States reasonably cannot avail itself of any less prejudicial evidence regarding the fact that Woody engaged in sexual acts with Jane Doe 1 and Jane Doe 2. See United States v. Mann, 193 F.3d at 1175. Further, to the extent that the evidence will prejudice Woody, an appropriate jury instruction, such as the one used in United States v. McHorse, 179 F.3d 889, 903 (10th Cir. 1999),[1] minimizes the chances of an improper

---

[1]The district court in United States v. McHorse gave the following limiting instruction:

> In a criminal case in which the defendant is accused of . . . an offense of child molestation, evidence of the defendant's commission of another offense or offenses of child molestation is admissible and may be considered for its bearing on any matter to which it is relevant. However, evidence of a prior offense on its own is not sufficient to prove the defendant guilty of the crimes charged in the indictment. Bear in mind as you consider this evidence at all times, the government has the burden of proving that the defendant committed each of the elements of the offense charged in the indictment. I remind you that the defendant is not on trial for any act, conduct, or offense not charged in the indictment.

United States v. McHorse, 179 F.3d at 903 ("The instruction is proper.").

jury verdict.  "Such an instruction will also focus the jury so that the rule 414 evidence will not distract the jury from the central issues of the trial."  United States v. Chaco, 2011 WL 3503303, at *7.  Because the evidence concerning Woody's sexual abuse of Jane Doe 1 and Jane Doe 2 is relevant and admissible in the trial of the other abuse, the Court will not sever the two counts for separate trial.

IT IS ORDERED that the request in the Defendant's Motion to Sever Count 1 From Count 2 and Supporting Authorities, filed May 20, 2019 (Doc. 54), is denied.

_____
UNITED STATES DISTRICT JUDGE

Counsel:

John C. Anderson
    United States Attorney
Raquel Ruiz-Velez
David Patrick Cowen
    Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

        Attorneys for the Plaintiff

Todd B. Hotchkiss
Todd. B. Hotchkiss, Attorney at Law, LLC
Albuquerque, New Mexico

        Attorney for the Defendant